## MORGAN v. LAMAR, Ex'r.

1. It is competent to issue an ancillary attachment under the act of 1837, "when a suit shall be commenced in any Circuit or County Court," al-

though the leading process shall not have been executed ; and the failure to serve the writ upon the defendant, will not abate the attachment, or impair its efficiency, but the plaintiff may proceed to judgment as in other cases.

Writ of Error to the Circuit Court of Barbour.

On the 27th January, 1844, the defendants in error caused a writ of *capias ad respondendum* to be issued against the plaintiff ; and on the 29th of the same month issued an ancillary attachment against his estate upon affidavit, that he was about to dispose of his property fraudulently, with intent to avoid the payment of the debt sued for. This attachment was levied by the service of the garnishment on the day on which it issued, and upon property on the 3d February thereafter.

The plaintiffs filed their declaration, and a judgment by default was rendered, and damages assessed by a jury at $1,403 30, on which judgment was accordingly entered.

J. BUFORD, for the plaintiff in error.
J. G. SHORTER, for the defendants in error.

COLLIER, C. J.—The act of 1837, to explain and amend the laws in relation to attachments, enacts, that " when a suit shall be commenced in any Circuit or County Court of this State, and the defendants, or any one or more of them, shall abscond or secrete him, her, or themselves, or shall remove out of this State, or shall be about to remove his, her, or their property out of this State, or be about to dispose of his, her or their property fraudulently, with intent to avoid the payment of the debt, or demand sued for," the plaintiff is authorized to sue out an attachment, upon making oath, and executing a bond with surety, as in other cases of original attachment, " returnable to the court in which suit had been originally commenced, as aforesaid ; which attachment, when returned, shall be filed with the papers in the original suit, constitute a part thereof, and the plaintiff shall proceed to judgment, as in other cases." [Clay's Dig. 61, § 34.]

To entitle the plaintiff to an ancillary attachment under this statute, where the defendant, or his property, shall be in

Morgan v. Lamar, Ex'r.

the condition contemplated, it is not necessary that the leading process in the cause shall have been executed. The act makes no such requisition; but it provides *in totidem verbis*, that "when a suit shall be commenced," then the plaintiff may sue out an attachment. It is not, then, the service of process which the attachment must necessarily succeed; but it is the commencement of the suit. This takes place whenever the process has been placed in the hands of an executive officer to be served. The consequence is, that the attachment was regularly issued, and of course, properly levied; and the remaining question is, whether its effect has been lost by the failure to serve the writ upon the defendant. There is nothing in the statute, or in the nature of the proceeding by attachment, that leads to such a conclusion. Previous to the passage of the act, as well as since, it was allowable for the plaintiff to sue out a judicial attachment upon the return of a *capias ad respondendum.* But this does not furnish an adequate remedy; for if the plaintiff is compelled to await the return of process "not found," when it is certain that it will not be executed, the defendant may in the meantime have withdrawn himself, and his effects, beyond the jurisdiction of the State; and the very state of things against which it was the purpose of the act to provide, actually occur.

True, the plaintiff might have dismissed his suit, and perhaps have issued an original attachment; but the dismissal would have been at his costs, and there is nothing in our legislation in respect to attachments, which seems to make such a course of procedure necessary. Instead of restricting the remedy by attachment within what the letter of our statutes prescribe, we should rather be inclined to extend it by a liberal interpretation, if necessary to carry out the purpose of the legislature. The attachment, we have seen, was regularly issued; and the failure to serve the leading process upon the defendant, does not, in our opinion, impair its efficacy. Our conclusion is, that the judgment of the Circuit Court must be affirmed.