$\frac{93}{101}$ $\frac{433}{210}$

## Wytheville.

### NOELL v. NOELL.

#### JULY 23, 1896.

Absent, Harrison, J.

1. ACT OF LIMITATIONS—*New Promise—Notice.*—Although a plaintiff may, without pleading it, rely upon a new promise to repel the bar of the statute of limitations pleaded by the defendant to an action on the original cause of action, provided he gives the notice required by the statute (Code, sec. 2922), evidence of the new promise cannot be received in the absence of such notice.

2. SUMMONS—*Return Day—Void Process—Sec. 3220 of Code Mandatory.*— A summons to commence a suit which is made returnable on the day of issue is a void summons, and all records based thereon and proceedings had are likewise void. Sec. 3220 of the Code, which provides that the process shall be issued before the rule day to which it is returnable, but may be executed on or before that day, is mandatory.

3. ELECTION BETWEEN CAUSES OF ACTION—*Limitations.*—Where a plaintiff has two causes of action open to him and elects one, and adapts his pleading and proofs thereto, he will be bound by his election and cannot thereafter adopt the other. The act of limitations applicable will be the one appropriate to the cause of action selected.

4. NEW TRIAL—*Verdict against Evidence or without Evidence.*—A trial court should not set aside a verdict as contrary to the law and the evidence, when it appears that the verdict was not plainly against the evidence, or without evidence to support it.

Error to a judgment of the Hustings Court of the city of Radford, rendered June 25, 1895, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Phlegar & Johnson*, and *Longley & Jordan*, for the plaintiff in error.

*J. C. Wysor*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is an action of assumpsit brought by the plaintiff in error in the Hustings court of the city of Radford, to recover of the defendant in error a balance of $517.00 as due on the price and value of certain goods sold and delivered by the plaintiff to the defendant on the 21st day of November, 1891.

The memorandum of the plaintiff's attorney directing the writ to issue to the 2nd November rules, and the declaration, were filed on the 19th November, 1894, which was the second rule day of the court. The writ accordingly issued, was executed and returned on that day. November 21, 1894, a bill of particulars was filed with the clerk. At the first December rules, 1894, the following rules were taken: " Common order confirmed and office judgment." Upon the calling of the case on the 13th of December, 1894, the Hustings Court quashed the process because it appeared on its face to have issued on the rule day to which it was returnable, and remanded the case to rules for a new process. At the second December rules, 1894, December 17, the following rules appear to have been taken: " Alias process returned executed. Declaration filed and common order"; and at the first January rules, 1895: " Common order confirmed, and writ of enquiry." This so-called *alias* process does not appear in the record. February 6, 1895, another writ was issued, returnable to the second February rules, 1895, which was executed February 11, 1895, but no rules seem to have been taken on this process. At the April term, 1895, the cause was continued for the defendant to the next issue term of the court; and at the June term, 1895, the defendant filed

his several pleas of non-assumpsit, non-assumpsit within three years, and offsets, to which the plaintiff replied generally, and issues were joined.

The declaration is in the common counts only, and declared on the debt as due on request November 21, 1891, and the bill of particulars filed with the declaration made it due as of that date.

The plaintiff proved the transaction out of which the debt sued on arose, and the balance due thereon, but in the progress of the trial, the time when the debt became due was drawn in controversy by the plaintiff's testimony in relation to certain bonds that he alleged that the defendant was to have given him for two credit payments at twelve and eighteen months from the day of the sale of the goods; whereupon the defendant objected to this testimony because the declaration alleged that the debt sued upon was due on request, and thereupon plaintiff's counsel said in the presence of the court and jury: " Our claim is that the debt sued on became due on the 21st of November, 1891 "; and the defendant then withdrew his objection to the testimony. In this connection, the plaintiff offered to introduce in evidence the following writing:

"On November 21, 1891, I purchased of R. J. Noell his one-half interest in the Radford Drug Company, consisting of stock, furniture and fixtures, on which I owe him a balance, and in consideration of which I hereby agree not to plead the statute of limitation on the account that he holds against me for his interest in Radford Drug Company, this the 17th day of November, 1894.

(Signed)        T. J. NOELL."

To the introduction of this writing the defendant objected, which objection the court sustained, on the ground that the same had not been pleaded by a special replication to the

plea of the statute of limitations, and this ruling of the court constitutes plaintiff's first bill of exceptions.

The plaintiff then offered in evidence the record in the case, including the memorandum on the memorandum book for process bringing the suit, the process which issued November 19, 1894, the rules taken thereon as appeared by the rule book, and the order quashing the process and remanding the case to rules for a new process; and also offered to prove by the deputy clerk of the court that no other memorandum had been made or order given by the plaintiff, or his attorney, for process for the bringing of a second suit between these parties; that no writ tax had been charged or paid on such a suit; that no rules had been taken thereon, and no declaration filed therein, and that the process issued on the 6th day of February, 1895, was issued in obedience to the order of the court remanding the case brought November 19, 1894, to rules for new process therein. But to the introduction of this record, and the testimony of the deputy clerk, the defendant objected, and the court sustained the objection, and this ruling of the court constitutes plaintiff's second bill of exceptions.

The evidence being all in, the court, at the instance of the defendant, gave the jury two instructions, the substance of which was, that if they believed from the evidence that the debt became due on November 21, 1891, and that the suit was not brought until February 6, 1895, the debt was barred, and that the only writ they could take into consideration was the writ issued February 6, 1895. Objection was made by the plaintiff to the instructions, the giving of which constitutes his third and fourth bills of exceptions.

The verdict of the jury was for the defendant, upon his plea of the statute of limitations, &c., and the plaintiff moved to set the verdict aside as contrary to the law and evidence, which motion was overruled, to which ruling the plaintiff took his fifth bill of exceptions.

The first assignment of error in the petition for the writ of error awarded by this court is to the ruling of the trial court in excluding the defendant's written admission of the indebtedness sued on.

Section 2922 of the Code, after providing that where there is a new promise of payment of money due on an award or contract, the plaintiff may sue on such promise, or on the original cause of action, &c., contains this further express provision: "If the action be on the original cause of action, in answer to the plea under section 2920 (plea of the statute of limitations) the plaintiff shall be allowed, without pleading it, to show such promise is evidence to repel the bar of the plea, provided he shall have given the defendant reasonable notice, before the trial, of his intention to rely on such promise."

It is not pretended that any such notice as is required by this statute was given the defendant, that a new promise implied from the paper in question was to be relied on by the plaintiff to repel the plea of the statute of limitations. It is contended, however, that the paper was competent evidence on the general issue, i. e., to prove the debt sued on, and that for this reason it was error to exclude it; but this position is untenable, as it was not offered, and was not needed for that purpose. Had it been offered to prove the debt and been relevant, its rejection was not prejudicial to the plaintiff, as his debt was amply proved by other evidence, and the defendant offered none in rebuttal.

The second and third assignments of error may be considered together. The second is to the action of the court in excluding the record in the case, which was intended to show to the jury that the case was in court, i. e., pending, from November 19, 1891, and that the court by its own order continued it as the same case; and the third is to the giving of the instructions asked for by the defendant.

Section 3220 provides that in an action (of the character

of this), " process *shall be issued before the rule day to which it is returnable,* but may be executed on or before that day," &c.

If this be a mandatory statute, then the process issued in this case on the rule day to which it was returnable is a void process, and any rules or proceedings taken thereon are void also, and of no effect or value. That it is a mandatory statute seems too clear to admit of discussion. The suing out of the writ is the commencement of an action at law, and this is ascertained *prima facie* by the attestation of the clerk; but the real time of issuing may be shown in evidence. Joynes on Lim. 189–90, and cases cited.

In one of the cases cited, *Burdock* v. *Green,* 18 Johns. 14, it was held that " the issuing of the writ is the commencement of the suit in all cases where the time is material, so as to save the statute of limitations ;" and this authority is cited with approval in other cases cited in Joynes on Lim. *supra.* Therefore, there being no suit commenced by the writ issued November 19, 1891, the record made by the clerk of the proceedings on this writ, was in fact no record, and the order of the court remanding the case to rules gave the said writ no vitality, as the law confers no such power on the court. It being a void writ, there was no action pending, and it follows that the record of the proceedings thereon was void also, and wholly immaterial for any purpose at the trial of the case. Therefore the refusal of the court to allow the alleged record to go to the jury was right, and there was also no error in the instruction that the jury could only consider the writ issued on the 6th of February, 1895.

The plaintiff might have brought his action on the special contract that he attempted to prove, and which provided for a credit of twelve and eighteen months as to a part of the purchase price of the goods sold, laying his demand for the debt as due to him after the expiration of the credit; or he might have brought his action for damages for the breach of the contract of the defendant by his failure to give the

bonds for the deferred payments; but the plaintiff elected to bring his action for money due on request. The debt is declared on as due November 21, 1891. The bill of particulars filed shows it to have been due on that date. Plaintiff's counsel stated at the trial that the claim of plaintiff was that the debt was due on that date; and the plaintiff himself on cross-examination, said: " I suppose, according to the papers in the case, the amount was due November 21, 1891, as he (defendant) failed to give the notes as had been agreed upon."

It is true that the burden was upon the defendant to prove that the cause of action did not accrue within the statutory period, *Goodell* v. *Gibbons*, 91 Va. 608, but he had a right to rely, as he did, on plaintiff's proof as to this. The instruction to the jury, that if they believed from the evidence that the debt sued on became due November 21, 1891, the debt was barred, was justified by the evidence, and proper to be given.

The remaining assignment of error is to the refusal of the court to set aside the verdict as contrary to the law and the evidence. From what has been said as to the evidence, it sufficiently appears that the verdict was not plainly against the evidence, or without evidence to sustain it; and this being so, this court would not be justified in interfering with it. *Brugh* v. *Shanks*, 5 Leigh 649; *Hill's Case*, 2 Gratt. 595; *Grayson's Case*, 6 Gratt. 712; *Blosser* v. *Harshberger*, 21 Gratt. 214; and *Pryor's Case*, 27 Gratt. 1009.

We are of opinion that there is no error in any of the rulings of the lower court, and its judgment is therefore affirmed.

*Affirmed.*