## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

˙HESS BY, &C. V. GALE AND OTHERS.

JULY 30, 1896.

Absent, Harrison, J.

1. DOWER—*Insane wife—Wife should be a party to proceedings under section 2625 of Code.*—The husband of an insane wife cannot, by proceeding on an *ex parte* petition, deprive his wife of her contingent right of dower in his real estate. The proceeding under section 2625 of the Code must be *inter partes*, the wife must be made a party thereto, and, after notice, have an opportunity of being heard, or else the proceeding is void.

Appeal from a decree of the Hustings Court of the city of Roanoke pronounced February 11, 1893, in a suit in chancery wherein appellant was the complainant, and the appellees were the defendants.

*Reversed.*

*Phlegar & Johnson* and *B. Lacy Hoge,* for the appellant.

*Scott & Staples,* for the appellees.

KEITH, P., delivered the opinion of the court.

Frederick Hess filed a petition in the Hustings Court for the city of Roanoke, under section 2625 of the Code of Virginia, in which he averred that he was the owner of certain real estate which he had contracted to sell to one T. J. Teaford; that his wife, Mary Hess, was of unsound mind and had been declared insane, and was therefore incompetent to unite in a conveyance of said property; and he prayed that

a commissioner of the court might enquire and report forthwith the status of the property; whether petitioner's wife had a contingent right of dower in the same, and if so, the value thereof, and what sum should be set apart out of the proceeds of the sale in lieu of such contingent right of dower, and that a special commissioner might be appointed to convey said contingent right. Thereupon the Hustings Court referred the matter to a commissioner, who reported that the wife had a contingent right of dower, and that its value was $105, which should be set apart for the use of Mary Hess, the insane wife. This report was confirmed, and a commissioner was appointed to execute a deed conveying and relinquishing the right of dower in the property. Subsequently Frederick Hess died, and Mary Hess, by her next friend, Kate Hess, filed her bill in the Hustings Court of the city of Roanoke claiming dower in the property. In the bill reference is made to the proceedings upon the petition just mentioned, which it is claimed, were illegal, null and void, and in no way binding upon the complainant; that the commissioner had no authority or right to convey the contingent right of dower, because complainant had no notice or opportunity to be heard before the Hustings Court. To this bill J. A. Gale, to whom the property had been conveyed, and who is the present owner thereof, is made a party defendant. He demurred to the bill, and a decree was entered sustaining the demurrer and dismissing the bill, and from that decree an appeal was allowed by one of the judges of this court.

The question presented for our decision is whether the proceedings under section 2625 of the Code for the transfer of the contingent right of dower of an insane wife, should be *ex parte*, or *inter partes*. The section to be construed is in the following words:

"If the husband of an insane wife wish to sell real estate, and to have her right of dower therein released to the purchaser, he may petition for

that purpose the Circuit Court of the county, or Circuit or Corporation Court of the corporation, in which such estate or some part thereof is; and if it appear to the court to be proper, an order may be made for the execution of such a release by a commissioner to be appointed by the court for the purpose, which release shall be effectual to pass her said right of dower to the purchaser. But the court shall make such order as in its opinion may be proper to secure to her the same interest in the purchase money, and the income thereof, that she would have had in the real estate and income thereof, if it had not been sold; or, at the discretion of the court, to secure to her out of the purchase money such sum in gross as, in the court's opinion, may be sufficient to compensate her for right of dower."

Much of the very able oral argument and brief submitted by counsel for the appellees was devoted to a discussion of the true character of the right of a wife in the real estate of her husband during his lifetime, commonly known as the inchoate or contingent right of dower. We shall not undertake to follow the argument made, or the authorities cited upon this subject. It is recognized in the statute under which the appellees claim as a "right" in the wife which must pass from her to the purchaser in order to give him a full and complete title. The court is directed to make such order as may be proper to secure to her the same interest in the purchase money and the income thereof that she would have had in the real estate and income thereof if it had not been sold. The court is required by the statute to take from the insane wife a right, and the procedure is prescribed by which that right shall pass to and vest in another. This, under our system of government, is a judicial function, and one which can be exercised only by the courts acting in their judicial capacity. Conceding for the sake of the argument that the Legislature might arbitrarily destroy the inchoate right of dower; that it might defeat that right without giving the wife the opportunity to be heard, in a proceeding so repugnant to natural justice and to our whole system of jurisprudence, the purpose or intent to do so should be declared in explicit and unmistakable terms. Where jurisdiction is

conferred upon a court to pass upon the right of the citizen, even with respect to those matters over which the Legislature may exercise plenary and irresponsible power, if such subjects there be, the presumption would be, in the absence of clear and unequivocal language, that it was the intention of the law that the courts should proceed in their accustomed mode in the discharge of the duty imposed upon them.

In *Underwood* v. *McVeigh*, 23 Gratt. at 418, it is said: " It lies at the very foundation of justice, that every person who is to be affected by an adjudication should have the opportunity of being heard in defence, both in repelling the allegations of fact, and upon the matter of law; and no sentence of any court is entitled to the least respect in any other court, or elsewhere, when it has been pronounced *ex parte*, and without opportunity of defence. An examination of both sides of the question, and deliberation between the claims and allegations of the contending parties, have been deemed essentially necessary to the proper administration of justice by all nations, and in every stage of social existence."

In *Bloom* v. *Burdick*, 1 Hill, (N. Y.) 130, 140, it is said: " It is a cardinal principle in the administration of justice that no man can be condemned or divested of his right until he has had the opportunity of being heard ; and if judgment is rendered against him before that is done, the proceeding will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance."

That Mary Hess had an interest to be considered by the Hustings Court upon the petition presented by her husband is undoubted; that under the statute which we are considering the court recognized that she had an interest is obvious; that having this interest before the court she was entitled to be heard is established by the authorities just cited (if authority be needed in support of a proposition

that has its foundation in the immutable principles of natural justice), and that the decree or order of the court which undertook, in her absence, to dispose of this interest, and transfer it to another, is void, follows as a necessary conclusion.

We are of opinion that the decree of the Hustings Court sustaining the demurrer and dismissing the bill was erroneous, and must be reversed.

*Reversed.*