## Richmond.

### FURST BROS. v. BANKS.

February 5, 1903.

1. APPEAL AND ERROR—*Jurisdiction of Trial Court—Objection in Appellate Court.*—If it appears upon the face of the record that the trial court had no jurisdiction to issue an attachment, the objection may be raised in this court for the first time.

2. ATTACHMENTS—*Action at Law—Proceeding by Motion Under Code, Sec. 3211—Commencement of Action or Proceeding.*—A common law action is commenced when the summons is issued for the purpose of having it executed, and the issuing of the summons is sufficient, under section 2959 of the Code, to authorize the clerk to issue an attachment at that time or afterwards before the abatement of the action; but a proceeding under section 3211 of the Code cannot be regarded as the institution of an action so as to warrant an attachment under section 2959, until the notice has been served and filed in the clerk's office. Until so filed, the clerk, as such, has no knowledge of or control over it, and cannot issue an attachment based thereon.

Error to a judgment of the Corporation Court of the city of Newport News, rendered March 10, 1902, in a proceeding by motion, wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*W. T. Moss* and *J. H. Gilkerson,* for the plaintiffs in error.

*C. Aylett Ashby,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiffs instituted a proceeding by motion upon notice

under section 3211 of the Code, as amended by Act of Assembly, approved January 23, 1896 (Acts 1895-'6, p. 140). In aid of that proceeding they sued out of the clerk's office of the Corporation Court, in which the motion was to be made, an attachment under the provisions of sec. 2959 of the Code. The defendant appeared. Upon his confession judgment was rendered in favor of the plaintiffs for the amount of their debt, but upon his motion the attachment was abated. The plaintiffs, feeling aggrieved by the action of the court in abating the attachment, applied for and obtained this writ of error.

The objection made to the attachment in the Corporation Court was that a motion under section 3211 of the Code is not an action at law; and not being an action at law, no attachment could be issued under the provisions of section 2959 of the Code, which provides that, "If at the time of or after the institution of an action of law for the recovery of specific personal property, or a debt or damages for the breach of a contract, express or implied, or damages for a wrong . . . ," an attachment may be issued by the clerk of the court where the action is upon affidavit containing certain statements.

Another ground relied on in this court to sustain the action of the court in abating the attachment is that, even if the proceeding under section 3211 is an action at law within the meaning of section 2959 of the Code, the attachment was issued *before* that proceeding was instituted, and not at the time of or after its institution, as the last-named section provides. This objection goes to the jurisdiction of the court to issue the attachment, and if it appears upon the face of the record that it had no jurisdiction, it can be raised in this court for the first time. *McAllister* v. *Guggenheimer*, 97 Va. 317, 21 S. E. 475; *Jones* v. *Anderson*, 7 Leigh. 308.

The notice of the motion was dated August 18, 1901. It was

served upon the defendant by the sheriff on the 21st, and returned to the clerk's office on the 23d of that month. The attachment was issued on the 21st of the same month, two days before the notice was returned or filed in the clerk's office.

A common law action commenced by a summons (Code, sec. 3223) is considered as instituted when the summons is issued for the purpose of having it executed. *Va. Fire, &c. Ins. Co.* v. *Vaughan*, 88 Va. 832, 14 S. E. 754; *Noell* v. *Noell*, 93 Va. 433, 437-'8, 25 S. E. 242. Issuing a summons in such an action is sufficient under section 2959 of the Code to authorize the clerk to issue an attachment at that time or afterwards before the abatement of the action. *Pulliam* v. *Aler*, 15 Gratt. 54; *Morgan* v. *Lamar*, 9 Ala. 231; 1 Shinn on Attachment, sec. 192.

The time when a proceeding under section 3211 is to be considered as instituted is not fixed by statute, nor have we found in our investigation any decision of this court in which that question has been raised and decided. That section, as amended, provides that the notice of the motion shall be returned to the clerk's office of the court in which the motion is to be made within five days after service of the same, and after fifteen days' notice the motion shall be docketed. It further provides that when docketed under the provisions of sec. 3378 it shall not be discontinued by reason of no order of continuance being entered in it from one day to another, or from term to term.

By section 5, chapter 167 of the Code of 1849, whose provisions have since been amended and carried into the Code of 1887 as sec. 3211, it was provided: "Any person entitled to recover money by action on any contract, may, on motion before any court which would have jurisdiction in an action, otherwise than under the second section of the one hundred and sixty-ninth chapter, obtain judgment for such money after sixty days' notice, which notice shall be returned to the clerk's

office of such court forty days before the motion is heard. A motion under this section, which is docketed under the first section of chapter one hundred and seventy-seven, shall not be discontinued by reason of no order of continuance being entered in it from one day to another, or from term to term."

The question arose in *Hale* v. *Chamberlain*, 13 Gratt. 58, whether a proceeding under that section could be matured and docketed during the term of the court at which the motion was to be made. In discussing that question, Judge Allen, who delivered the opinion of the court, intimated very strongly that such a proceeding was not a case in court until docketed. Whether this be so or not, we think it is clear that for the purpose of issuing an attachment under section 2959 of the Code the proceeding cannot be regarded as instituted until the notice has been served and returned or filed in the clerk's office. The plaintiff, not the clerk, gives the notice. It is not required to be served by the sheriff or other officer. It is a private paper in the hands of the plaintiff or his agent, and does not belong to the court until it is returned to, or more properly filed in, the clerk's office. Then, and not till then, has the clerk, as such, any knowledge of or control over it. Since he is only authorized under section 2959 of the Code, to issue an attachment at the time of or after the institution of the action, the fact that there is such an action ought to appear from the records or papers on file in his office, so as to show his authority for issuing the attachment and to furnish evidence for his protection; and until it does so appear, we do not think that it is a case in court within the meaning of the statute.

The attachment having been issued before the return of the notice to the clerk's office, we are of opinion that the clerk had no authority to issue the attachment, and that the Corporation Court did not err in abating it.

Having reached this conclusion, it is unnecessary to consider

whether or not an attachment can be issued under the provisions of sec. 2959 of the Code in aid of a proceeding instituted under sec. 3211, as the decision of that question could have no effect on this case.

The judgment complained of must be affirmed.

*Affirmed.*