Syllabus.

## Staunton.

### DAVIS v. ROLLER
### and
### BOWMAN'S EXECUTORS v. ROLLER.

September 24, 1906.

Absent, Buchanan, J.

1. EXECUTIONS—*When "Issued"—Statute of Limitations.*—An execution is issued within the meaning of section 3577 of the Code when it is made out and signed by the clerk ready for the officer, marked "to lie," although it has not been placed in the hands of the officer to be levied; and other executions may be issued within ten years from the return day of such an execution. Such has been the uniform and unquestioned practical construction put upon the statute from the time of its enactment.

2. EXECUTIONS—*Statute of Limitations—Interruption.*—Where the collection of an execution on a judgment is suspended by a decree in chancery, the period during which such decree of suspension remains in force is to be excluded in the computation of time within which another execution must be issued on the judgment in order to prevent the bar of the statute of limitations.

3. JUDGMENTS—*Assignment of Different Parts—Priorities.*—Where a commissioner is directed to convey to a purchaser land sold at a judicial sale, subject to the lien of a judgment, reserving a vendor's lien in the conveyance to secure the sums due assignees of different parts of the judgment, respectively, the liens of the assignees are of equal dignity where there is no supervening equity growing out of the order of assignment which disturbs the equality of the rights of the assignees.

4. JUDGMENTS—*Liens—Priorities—Estoppel.*—A surety in a judgment, to whom a part of the judgment has been assigned, will not be permitted to assert his lien to the prejudice of an assignee of the rest of the judgment who has by execution issued thereon acquired a lien on all of the personal property of the judgment debtors.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for complainant. Separate appeals by some of the defendants.

*Reversed.*

The opinion states the case.

*Conrad & Conrad* and *Sipe & Harris,* for appellants.

*J. B. Stephenson, M. McCormick* and *Charles Curry,* for appellee.

KEITH, P., delivered the opinion of the Court.

The appellee, John E. Roller, suing on behalf of himself and all other lien creditors of Mary E. Pence, filed his bill in the Circuit Court of Rockingham county, alleging that B. G. Patterson, receiver, recovered a judgment for $1,200, with legal interest from the 1st day of May, 1880, until paid, subject to a credit of $546 as of January 9, 1883, against Mary E. Pence and John P. Pence, her husband, Arehart, Bowman, Will, Thompson, Homan and Andes; that in the chancery cause of *Basore* v. *Pence,* B. G. Patterson, special receiver, assigned to the complainant $870.88, a part of this judgment, with interest on $775.09 from November 29, 1884, and on $95.79 from January 12, 1885; and that by deed dated February 7, 1885, Patterson, as special commissioner, acting under the decrees of the court, conveyed to Mary E. Pence the real estate involved therein, which need not be here specifically stated.

This deed was admitted to record in the clerk's office of Rockingham county on the 12th day of February, 1885, and the judgment referred to was docketed in the clerk's office of that county on the 7th day of May, 1884.

The bill further alleges that Mary E. Pence subsequently became indebted to the complainant in various sums, for which she and her husband executed to him a negotiable note for $300,

due June 18, 1888; that by reason of certain transactions set forth in the bill it was agreed between the plaintiff, John E. Roller, and Mary E. Pence and John P. Pence, her husband, that a credit of $950 should be given to them upon settlement of the matters outstanding between them, to be applied to the satisfaction of the $300 negotiable note and to the lien of the judgment which had been assigned to him.

It further appears from the bill that a part of the judgment in the name of Patterson, receiver, above referred to, was assigned to one James Dove, and by him assigned to Andrew Andes, who was himself one of the defendants in the judgment; and a lien for both sums—that is to say, the $300 assigned to Andes and $870.88 assigned to Roller, together constituting the amount of the Patterson judgment—was reserved as a vendor's lien upon the property conveyed to Mary E. Pence by Patterson, special commissioner, by the deed of February 7, 1885, before mentioned.

The prayer of the bill is that all the parties against whom the judgment was obtained be made defendants to the bill; that the vendor's lien and judgment lien may be enforced against the property of the principal defendant; and that, if there be any deficiency after appropriating the proceeds of said property, the living sureties and the representatives of those deceased may be called upon to pay their respective proportions; and for general relief.

Several of the defendants answered the bill, and, the cause coming on to be heard, an account was ordered to be taken as to the fee simple and annual value of the real estate owned by Mary E. Pence, and of the liens against the same, and the order of their priorities. The commissioner reported, and to his report sundry exceptions were filed, with the result that the matter was again referred to a commissioner; and upon the exceptions to this second report arise the issues which we are now called upon to consider.

The statute of limitations was pleaded to the judgment in the

name of Patterson, receiver, against Pence and others, which was in part assigned to the appellee, John E. Roller. The com- missioner was of opinion that this judgment was barred by the statute, and an exception to this ruling was sustained by the court. This is one of the alleged grounds of error insisted upon by appellants.

This judgment was obtained at the April term, 1884, of the Circuit Court of Rockingham county, and it was docketed on May 7 of that year. The first execution upon it bears date April 30, 1884, is regular in all respects, and is duly attested by the clerk. Upon the back of it is the following indorsement: "The within execution is subject to a credit of $546.60, as of the 9th day of January, 1883"; and then follows the words "to lie."

The defendants in the judgment insist that this execution does not comply with our statute—section 3577 of the Code— which provides that "on a judgment execution may be issued within a year, and a *scire facias* or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued, or a *scire facias* or an action may be brought within ten years from the return day of an execution on which there is no re- turn by an officer, or within twenty years from the return day of an execution on which there is such return; . . ."—the precise contention of defendants being that no execution can be said to have issued upon a judgment unless it be not only made out by the clerk but placed in the hands of an officer to be levied; and counsel cites authorities from other jurisdictions which seem to support this position. In this State, however, the law seems to be otherwise.

In 4 Minor's Institutes, Part I, page 799, it is said: "Exe- cutions are expected properly to be sued out within a year from the date of the judgment; yet they may, notwithstanding, in many cases, be obtained afterwards, sometimes by means of a writ of *scire facias,* or an action on the judgment, and some-

times without any process thereon, as a matter of course. If within the year an execution issues (by which is understood its being made out and signed by the clerk, ready for the sheriff), other executions on the same judgment may be issued without *scire facias;* or a *scire facias* or action on the judgment may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return."

We need not enlarge upon the authority of Minor's Institutes in this state.

But there is a yet more persuasive argument in support of the position, and that is that what was done in this case was in pursuance of and in accordance with a practice which we believe to be coeval with the statute under construction, and which has been uniform and unquestioned throughout the limits of the state.

We are of opinion, therefore, that the execution dated April 30, 1884, was duly issued within a year from the date of the judgment.

This execution of April 30, 1884, was made returnable on the first Monday in the ensuing July, and the next execution which was issued, and the one which appellee relies upon, is dated the 11th day of October, 1894; so that after the return day of the first execution, and before the issuance of the second execution, a period of ten years three months and some days had elapsed. The bar of the statute would, therefore, still attach unless there was some interruption of its operation, which will reduce the time to the statutory period of ten years.

By decree entered in the cause of *Basore and others* v. *Pence and others,* at the October term, 1884, it was directed, among other things, that Special Receiver B. G. Patterson, in whose name the judgment was rendered upon which the execution was issued, was "not to collect any more of said judgment than the sum above named until the further order of the court, which

will be made hereafter, if found to be necessary to pay any unpaid costs." The sum "above named" referred to in this decree was $814.23, which it was thought would be sufficient to pay off all the liens remaining unpaid against John P. Pence and the unpaid costs, which sum was considerably less than that for which the execution of April 30, 1884, was issued—viz.: $1,200, with interest from the 1st day of May, 1880, subject to a credit of $546.60 as of the 9th of January, 1883. That decree remained in force until the 3d day of February, 1885; so that the period from the 22d day of October, 1884, to the 3d day of February, 1885, is to be excluded from the computation of time in determining whether or not the bar of the statute of limitations applies to the judgment in question, the result being that the execution of October 11, 1894, was issued within less than ten years from the return day of the execution, which was returnable on the first Monday in July, 1884.

We are of opinion that there was no error in holding that the vendor's lien in favor of James Dove, which was assigned by him to Andrew Andes, is of equal dignity with that of John E. Roller. It is true, as was said by the commissioner, that the decree in *Basore* v. *Pence,* of May 31, 1881, authorizing the assignment by B. G. Patterson, special receiver, of a portion of the debt due from Mary E. Pence on account of her purchase money, provided that "the said assignment was to be without recourse, and the lien of said bond to be postponed until the other bonds are paid off in full," thus subordinating the lien in favor of Dove to that securing to the receiver the payment of the residue of the purchase price; but by a subsequent decree of the January term, 1885, directing the conveyance of the land purchased by Mary E. Pence, it was directed that a lien should be retained "to secure the sum due James Dove and John E. Roller, respectively, under decrees in this cause"; and the deed making this conveyance reserved liens in favor of "James Dove and John E. Roller, respectively, as liens of equal dignity." Andes, on the other hand, claims that the lien in his favor for

$300 should be preferred to that of John E. Roller, and bases his contention upon the language of the deed of February 7, 1885, by which "a lien is expressly retained on the properties herein conveyed to secure the payment, first, to James Dove the said sum of $300, with interest on the same from the 1st day of June, 1881, and to secure to John E. Roller the payment of $870.88, with interest," etc.

There was no reason why a preference should have been given to the one over the other. Both represented parts of the purchase money, and there was no supervening equity growing out of the order of assignment which should have disturbed the equity of the rights between the assignees.

A fourth exception filed to the report of the commissioner was that the commissioner erred in not holding that Andrew Andes, being the surety in the debt due to John E. Roller, is estopped from asserting the vendor's lien in his (Andes') favor until the debt due John E. Roller is paid in full.

This claim was denied by the commissioner because he was of opinion that Roller's judgment was barred by the statute of limitations. He states in his report that if the lien of that judgment had not been barred Andes would have been estopped by his suretyship from enforcing his lien to Roller's prejudice.

We have reached the conclusion that the judgment was not barred, but is still in full force and vigor as a security for whatever sum may be due upon it; it seems to be clear that Andes, one of the sureties in that judgment, should not be permitted to withdraw money claimed by him under his vendor's lien to the prejudice of the judgment creditor, upon whose judgment an execution had issued, which is a lien upon all the personal property of the judgment debtors, whether capable of being levied on or not.

We are further of opinion that the record fails to show that appellee, Roller, so dealt with the liens and securities existing for the protection of his debt as to impair his right to enforce said liens for whatever amount may appear to be due to him on

account of them, and we shall, therefore, not further prolong this opinion than to declare the principles upon which the amount thus due to him may be ascertained.

There is in the supplemental record a statement setting forth the items constituting the consideration for the negotiable note dated June 11, 1888, for $300. That note is carried into a statement showing the balance due from Mary E. Pence to John E. Roller, and which also embraces the judgment for $870.88, which is the principal subject of this litigation. These two sums constitute the principal of the debt claimed by him, making a total of $1,170.88, upon which interest is calculated, and after allowing certain credits, among them the amount agreed upon for the Pope bonds, which were assigned to him, of $950, a balance is ascertained in his favor of $550.56 as of May 1, 1894.          .

However this settlement may be as between Roller and Mrs. Pence, it is certainly incorrect as to the sureties in that judgment. In order that the exact balance for which the sureties are justly liable may be determined, there must be a reference to a commissioner. There may be items entering into the $300 negotiable note which ought to be taken into the computation in ascertaining the balance due. Such items should be allowed, if any there be, but the residue of the $300 negotiable note should be excluded, as to the sureties, from the amount due to John E. Roller, as shown by the commissioner's report of March, 1901.

Numerous questions were presented in argument which we think it unnecessary to discuss.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings to be had in accordance with the views herein expressed.

*Reversed.*