# Richmond

ARTHUR C. PRESTON V. S. P. LEGARD.

March 30, 1933.

Present, Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Hutton & Hutton* and *J. S. Ashworth,* for the plaintiff in error.

*S. Bruce Jones,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

This is a writ of error obtained by Arthur C. Preston to a judgment in detinue entered against him by the Corporation Court of the city of Bristol, in favor of the defendant in error, S. P. Legard, for the recovery of certain personal property of the value of $2,000.

The primary question presented by the petition is whether the lower court had jurisdiction to render the judgment complained of.

As disclosed by the record, the pertinent facts relating to this question are as follows: On May 20, 1931, counsel for Legard addressed to the clerk of the Circuit Court of Washington county, at Abingdon, Virginia, this unsigned letter:

"Re: *S. P. Legard* v. *Arthur Preston.*

"DEAR SIR:

"Attached is a memorandum which should be pasted in your memorandum book. Affidavit and an extra copy of the writ are enclosed herewith. The bond and the original writ with the check for costs were filed in your office to-day.
"Yours truly,"

"*S. P. Legard* v. *Arthur Preston.*

"Issue writ in detinue on affidavit and bond filed returnable to first day of the next term and deliver to officer.

. . . . . . . . . . . . . . . . . . . . . .*P. Q.*"

Enclosed with the above paper was an affidavit purporting to be made in a pending action of detinue under the provisions of section 5797 of the Code, and a copy of the writ of seizure authorized to be issued by that section upon the filing of such affidavit.

Under date of May 20, 1931, the writ of seizure referred to was issued by the clerk, directed to the sheriff of Washington county, which, after reciting that affidavit had been made and bond executed as required by the statute, commanded that officer to seize the property mentioned in the affidavit, and deliver the same to "the plaintiff." The officer's return on this writ shows that the same was executed by seizing said property on May 22, 1931.

There were no further proceedings in the case until June 15, 1931, on which date Preston served formal notice in writing on Legard that he would "specially appear" on the 16th day of June to move the judge of the Circuit Court of Washington county to quash the aforesaid writ of seizure upon the grounds, (1) "that it was not issued in a cause of action—that no such action of detinue was pending or is now pending;" and (2) that said process was issued upon false suggestions and without sufficient cause. On the same day, June 15, 1931, the judge of the Circuit Court of Washington county, of his own motion, endorsed an order removing the case to the Corporation Court of the city of Bristol, there to be heard and determined; and the papers aforesaid were thereupon transferred accordingly.

In this situation the motion to quash the writ of seizure was heard by the judge of the Corporation Court of the city of Bristol, pursuant to said notice, on June 18, 1931, and on June 24, 1931, that court entered the following order: "*Detinue.*

"This cause having been duly removed to this court from the Circuit Court of Washington county, was heard on June 18, 1931, on the written notice and motion of Arthur Preston to quash the writ of seizure sued out herein, which motion was heard on the pleadings and proceedings on file in the cause, and upon the oral and documentary evidence introduced, and was argued by counsel, and the court now having maturely considered the same is of the opinion that said motion should be denied and doth so *adjudge.* Arthur C. Preston by counsel excepts to this ruling."

It further appears that between the hearing of the motion to quash the writ and the entry of the above order, to-wit, on June 19, 1931, the said corporation court entered this *ex parte* order:

"S. P. Legard ⎱ Detinue.— (Removed to this court
 *vs.* ⎰ from the Circuit Court of Wash-
"Arthur C. Preston ⎰ ington county.)

"This day came the plaintiff and asked leave to file his declaration, and that an alias summons herein be issued against the defendant Arthur C. Preston, and it is so ordered."

The declaration was filed accordingly, and on the same day, June 19th, a summons was issued by the clerk directed to the sheriff of Washington county, commanding said Arthur C. Preston to appear before the Corporation Court of the city of Bristol at the first day of the next term, Monday, July 6, 1931, "to answer S. P. Legard of a plea of detinue, formerly pending in the Circuit Court of Washington county, and transferred to this court," etc. This process was executed by the officer on June 22nd, by serving a copy of the same on a member of said Preston's family at his usual place of abode in Washington county.

The next step in the proceedings relevant to the question before us took place on August 17, 1931, when Legard applied to the corporation court for an order to sell the property seized, on which occasion Preston again specially appeared pursuant to notice and filed his objections in writing to further proceedings in that court on the ground that when the cause was removed from the Circuit Court of Washington county on June 15, 1931, there was no action pending against him, that both the writ of seizure and the alleged alias summons were invalid, and the court was, therefore, without jurisdiction to hear and determine the case. These objections proving to be unavailing, on September 1st, Preston lodged in the clerk's office of the corporation court his grounds of defense to the alleged action

wherein, among other matters, the aforesaid objections to the proceedings were again specifically set forth. On September 7th, on the motion of Legard, the court ordered the grounds of defense to be filed in the cause, and Preston also filed his pleas in writing. A few days afterwards a jury was impaneled to try the case on the merits, which resulted in a verdict for Legard and the judgment complained of.

Upon a review of the foregoing proceedings we think it plain that the court below was without jurisdiction to enter this judgment.

Code, section 6061, provides: "The process to commence a suit shall be a writ commanding the officer to whom it is directed to summon the defendant to answer the bill of action. * * * It shall not be deemed to have been issued until delivered or placed in course of delivery to some officer or other person to be executed."

It is well settled that the issuance and service of process in the manner prescribed by law, unless waived, is essential to the jurisdiction of all courts. *Hess* v. *Gale,* 93 Va. 467, 25 S. E. 533; *Staunton Perpetual Bldg., etc., Co.* v. *Haden,* 92 Va. 201, 23 S. E. 285; *Underwood* v. *McVeigh,* 23 Gratt. (64 Va.) 409. And it is also well settled that if process be illegally issued or executed the validity of such process may be raised by motion to quash, as well as by a plea in abatement. *Lane* v. *Bauserman,* 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; *Norfolk, etc.* v. *Carter,* 91 Va. 587, 22 S. E. 517; *Warren* v. *Saunders,* 27 Gratt. (68 Va.) 259.

It clearly appears from the record that no process to commence an action of detinue against Preston was ever issued from the Circuit Court of Washington county, where the action purports to have been instituted, as required by statute; the only process from that court being the writ of seizure issued by the clerk, which writ, under the provisions of section 5797, is intended to be only ancillary to the action of detinue, and can only be issued in a pending suit.

No summons necessary to give the court jurisdiction having been issued, and process not having been waived by Preston, it follows that at the time the removal order was entered on June 15, 1931, there was no action pending against him in the Circuit Court of Washington county, and the Corporation Court of the city of Bristol acquired no jurisdiction by virtue of said order of removal.

We are, therefore, of opinion that the motion to quash the writ of seizure made before the last named court on June 18, 1931, should have been sustained and the proceedings dismissed, as might and should have been done by the Circuit Court of Washington county, if said motion had been heard by that court.

 Neither did the corporation court acquire jurisdiction by the so-called alias process issued therefrom on June 19, 1931, as contended by the plaintiff, Legard. The record shows that the defendant, Preston, resided in Washington county, and the alleged cause of action arose in that county. Therefore, under the provisions of sections 6049 and 6050, Code of 1930, the Circuit Court of Washington county had sole original jurisdiction of said action. The process was also invalid for the reason that under section 6059 of the Code an alias process can only issue at the return day of a process which has been issued and not returned executed. *Carter Coal Co.* v. *Bates,* 127 Va. 586, 105 S. E. 76. Since no original process was issued in this case, obviously no alias could issue.

██ It is further contended that the corporation court had jurisdiction to issue an alias summons against Arthur C. Preston because Mrs. R. F. Preston, by an endorsement under section 5799 of her exceptions to the sufficiency of the seizure bond filed in the papers, made herself a party to the action. There is no merit in this contention. The plaintiff in no wise made Mrs. Preston a party to the suit, or contemplated that she should be a party, and the fact that she took exception to the sufficiency of the bond as claimant of part of the property seized under the above

mentioned statute did not alter the status of the contemplated defendant, Arthur C. Preston, against whom no process had been issued. Even though Arthur C. Preston himself had noted exceptions to the sufficiency of the bond, without other appearance, such exceptions would not have constituted a waiver of the issuance and service of process upon him as required by the statute. *Hilton & Allen* v. *Consumers' Can Co.*, 103 Va. 256, 48 S. E. 899.

A defendant in an action at law who has not entered his appearance, either at rules or in term, has a right to object that the cause has not been legally matured for trial, and in considering such objection all the process, returns and proceedings are necessarily a part of the record and are to be looked into by the court. *Hickam* v. *Larkey*, 6 Gratt. (47 Va.) 210.

When a defendant has not been served with process and has not entered a general appearance in the cause, but has appeared for the purpose of taking advantage of the defective service, or the want of process, he does not waive his right to do so, if after he has been denied the benefit of this right by the judgment of the court, he makes a full defense to the action or suit. *Chapman* v. *Maitland*, 22 W. Va. 329, 345; *Price* v. *Pinnell*, 4 W. Va. 296; *Scott* v. *Scott*, 142 Va. 31, 128 S. E. 599.

If no process to commence a suit has been issued, or, if issued, the service thereof is invalid, and the issuance and service of such process is not waived, then the court does not acquire jurisdiction of the defendant, and the judgment is void. *Beck* v. *Semones' Adm'r*, 145 Va. 429, 134 S. E. 677; *Noell* v. *Noell*, 93 Va. 433, 25 S. E. 242.

For the foregoing reasons we are of opinion that the judgment entered against Arthur C. Preston by the Corporation Court of the city of Bristol on the 23rd day of September, 1931, should be vacated and annulled, and the aforesaid proceedings dismissed, without prejudice.

*Reversed.*