# Wytheville

FULLER MOORE v. E. C. SMITH AND WIFE, MARY A. SMITH, AND J. P. RUMLEY.

June 9, 1941.

Record No. 2360.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

622

*Dick B. Rouse,* for the appellant.

*L. P. Summers,* for the appellees.

HOLT, J., delivered the opinion of the court.

James Moore lived and died intestate in Tennessee, and there Fuller Moore qualified as his administrator.

Among decedent's personal effects was found a $300.00 note, executed by E. C. Smith and Mary Smith, his wife, and payable to Moore. A Tennessee justice's judgment on this note was obtained. Process was served on E. C. Smith, who chanced to go into Tennessee from his Vir-

ginia home. On this Tennessee judgment an action was instituted before a Virginia justice. That action went to judgment and to enforce it this suit was instituted, its purpose being to have a deed from Smith and wife to J. P. Rumley set aside. The bill charges it to be fraudulent and void and to have been executed to hinder, delay and defraud Smith's creditors and particularly to prevent the collection of this justice's judgment.

■ A Tennessee administrator who has acquired no status in Virginia is and was without authority to institute an action before a Virginia justice or to bring this suit. *Fugate* v. *Moore,* 86 Va. 1045, 11 S. E. 1063, 19 Am. St. Rep. 926.

■ But the right of the administrator to sue must be properly and seasonably challenged. *Hughes* v. *Clayton,* 3 Call (7 Va.) 554; *Society, etc.* v. *Pawlet,* 4 Pet. (29 U. S.) 480, 7 L. Ed. 927; *Hodges* v. *Kimball,* 91 F. 845. We shall, however, presently see that the defendant was offered no opportunity, seasonable or unseasonable, to object when the Virginia justice's judgment was entered.

There the warrant was issued on December 16, returnable on December 23, 1939. It was issued by F. E. Barb, justice of the peace, and was returnable before E. H. Moore, trial justice. This is the judgment of the trial justice:

"*Fuller Moore, Admr.,* v. *E. C. Smith.* In debt on the 23rd day of December, 1939, judgment that the plaintiff recover of the defendant $399.10 with interest from the 23rd day of December, 1939, until paid and $2.50 for his costs. Signed E. H. Moore, Trial Justice."

Process was placed in the hands of the sheriff of Washington county and was served upon E. C. Smith. It reads:

"E. C. Smith—Summons Commonwealth of Virginia,
"County of Washington, to-wit:
"To J. T. Woodward, Sheriff of said county:
"I hereby command you, in the name of the Common-

wealth of Virginia, to summon E. C. Smith, if to be found in your district, to appear at the Trial Justice Court at Abingdon, Virginia, in said county on the 26 day of December, 1939, at 10 o'clock, A. M., before said trial justice of said county as may then be there to try this warrant, to answer the complaint of Fuller Moore, Adm. Upon a claim for money for the sum of $394.35 on judgment, $4.75 cost due by judgment from Tenn. And then and there make return of this warrant.

"Given under my hand this 16 day of December, 1939.
"F. E. BARB, J. P."

In answer to this summons Smith came to the justice's court on December 26 and was told that he had come too late and that judgment had been entered against him on the 23rd of December. Thereupon, without more, he went home. That he found out anything was due to chance alone—he might have found the fire out and the justice gone.

The original warrant is not in the record and of course the sheriff's return thereon is not. There is no suggestion that the process served upon the defendant had been tampered with, and the evidence is that it was written by the same hand which wrote the warrant—namely, by Barb, J. P. If there was a mistake in dates, it is a mistake which was made by the justice himself, and for that mistake Smith was not responsible.

The reason for the rule followed in *Preston* v. *Kindrick,* 94 Va. 760, 762, 27 S. E. 588, 64 Am. St. Rep. 777, and kindred cases, is set out in *Caskie* v. *Durham,* 152 Va. 345, 147 S. E. 218. There it is said that one can not have relief from a judgment rendered in his absence because:

"The risk of opening a judgment or decree on an allegation which, like that of the failure to serve process, or the want of notice, depends upon the uncertain testimony of witnesses, is so great that the injured party should be left to his remedy in the same case where re-

lief can be had in that case, or to his remedy against the officer who has made the false return, unless that return was in some way procured or induced by the plaintiff, or he is in some way responsible for the defendant's want of notice of the suit, or of the proceedings therein." Freeman on Judgm., section 495.

Here we are not dependent upon the recollection of witnesses. The unchallenged process served upon the defendant shows that he was summoned to appear on December 26.

We need not concern ourselves with presumptions. Here all essential facts affirmatively appear and are nowhere challenged. The rule, however, which governs courts of general jurisdiction differs from that which obtains where the court is not of record and where jurisdiction is limited. In such a case the judgment may be impeached by competent evidence. *Albie* v. *Jones,* 82 Ark. 414, 102 S. W. 222, 12 Ann. Cas. 433; 15 R. C. L. 884; *Galpin* v. *Page,* 18 Wall. (85 U. S.) 350, 21 L. Ed. 959.

A day in court, an opportunity to be heard, is an integral part of due process of law, everywhere recognized.

Moore, under the express terms of the process given him, was not required to appear until December 26. If judgment could have been properly entered before he was told to come, it might, so far as he was concerned, have been entered when the warrant was issued. Moore was given no opportunity to be heard.

*Underwood* v. *McVeigh,* 23 Gratt. (64 Va.) 409, 418, discusses the principles involved and said:

"It lies at the very foundation of justice that every person who is to be affected by an adjudication should have the opportunity of being heard."

"In other words, notice and an opportunity to be heard are essential requisites to the jurisdiction of all courts, even in proceedings *in rem,* and judgment without jurisdiction is a nullity. *Galpin* v. *Page,* 18

Wall. 350; *ex parte Lange, Id.,* 163; *Fultz* v. *Brightwell,* 77 Va. 742; 1 Smith's Lead. Cas. (8th Am. ed.), p. 1156— notes to *Crepps* v. *Durden." Dorr's Adm'r* v. *Rohr and als.,* 82 Va. 359, 3 Am. St. Rep. 106.

It is an immutable principle of natural justice. *Hess* v. *Gale,* 93 Va. 467, 25 S. E. 533.

■ Want of jurisdiction to enter a judgment, regular upon its face, even where there is jurisdiction of the subject matter, may always be shown.

In *Raub* v. *Otterback,* 89 Va. 645, 16 S. E. 933, Raub undertook to enforce a judgment against Otterback. The judgment against him was obtained in another chancery suit in which attorneys appeared and purported to represent him. He was permitted to show that these attorneys never represented him, and thereupon it was held that the court was without jurisdiction to render a judgment against him and that this judgment could not be enforced in the current suit.

■ In *Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. Ed. 914, the court said:

"A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal."

"The judgment may be a nullity because the court entered judgment before the return day of the writ of summons." 15 R. C. L., p. 845; *Pickering* v. *Palmer,* 18 N. M. 473, 138 P. 198, 50 L. R. A. (N. S.) 1055.

In that case a defendant by process of date the 19th day of November, 1910, was orderd to appear before the justice on the 24th of that month. On the 23rd the plaintiff appeared and induced the justice to hear evidence and to enter judgment. In every essential particular that case is this case.

"Notice and opportunity to be heard are essential elements of due process of law, and the sentence or judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial de-

termination of his rights, and is not entitled to any respect in any other tribunal." *Morley* v. *Morley,* 131 Wash. 540, 230 P. 645, citing 15 R. C. L. 847.

Plaintiff appeared on the 23rd, presented his evidence and took judgment. He may have thought that he had a right to do this. The warrant on its face, although it is not in the record, may have been returnable on the 23rd, but Moore did not know it; he was not put upon inquiry and had a right to rely upon the summons that the sheriff gave him.

Since the judgment upon which this equity suit is based is void, the suit itself must fall. It should have been dismissed.

*Affirmed.*