Christian J.
delivered the opinion of the court.
This is a writ of error to a judgment of the Circuit court of Craig county. It was an action of debt brought by Henry Walker against Daniel Huffman and Lloyd Huffman as surviving obligors of themselves and Giles Huffman, upon a bond executed by them to the plaintiff for $1,060, subject to two credits endorsed thereon, one for $563.33, the other for $144.23.
The defendants pleaded payment and set-off; to which the plaintiff replied generally. The defendants filed with their plea an account stating the nature of the payment and set-off on which they relied, which was in the following words and figures to-wit:
“Major Walker to Daniel Huffman Dr. To this sum paid for your bond to John Leffle for $354.18—due Dec. 17th 1847. Credit by $145.20 paid March 1st 1856. This bond was discharged by me pursuant to an agreement with you that I should do so, on account of the-debt which you hold against me, and now in suit, and which was to be taken as a payment thereon.”
Upon the issue made up on this plea of payment, the parties went to trial, and the jury found a verdict *316 I’or the plaintiff for the amount of the bond above described, subject to credits endorsed upon said bond, upon which judgment was entered. To which judgment the defendants obtained a writ of error from this court.
Prom the several bills of exception taken in the court below, it clearly appears that there was evidence, at least tending to prove that it was agreed between the plaintiff and defendants, that if defendants would take up a bond which the plaintiff owed to John Leffle that the bond of defendants should be credited by that amount: in other words, that the Leffle bond when paid, should be received as a payment fro tanto of the bond of defendants in the hands of the plaintiff.
After evidence had been offered tending to prove this agreement, the defendants moved the court (among other instructions) the following: “The court instructs the jury that if they believe from the evidence in this cause, that the defendants took up the bond executed to John Leffle by Henry Walker and John Walker at the instance and by agreement with Henry Walker, that the same should be allowed as a payment on the bond upon which this suit is brought, then the jury should find for the defendants the amount of said bond executed to John Leffle.”
This instruction the Circuit court refused to give.
This court is of opinion, that the said Circuit court erred in such refusal.
Payment of a debt is not necessarily a fayment of money; but that is payment which the parties contract shall be accepted as payment. Whether under a simple plea of payment, (without notice to the plaintiff of how the payment claimed was made,) payment may be shown of any other thing than money, is a question that does not arise in this case; because here with the *317 plea of payment was filed an account showing the nature of the payment relied upon by the defendants by special agreement with the plaintiff; and that was that if defendants would pay the bond which the plaintiff owed to Leffle, the amount thus paid should be a payment pro tanto of the defendants’ bond held by the plaintiff. The instruction simply announced the proposition that if there was such an agreement to accept the Leffle bond as a payment pro tanto the defendants were entitled to a credit for the amount due on that bond as a payment. There was certainly evidence tending to prove such an agreement; and it was a question for the jury whether such agreement was established by the proof. If it was so established it was certainly a good defence to the extent of the amount due on the Leffle bond.
The court is further of opinion, that the court erred in not permitting the defendant Daniel Huffman to testify as to how he obtained the Leffle bond. It was proposed to prove by this witness that he had authorized one John H. Walker, who was the security of Henry Walker in the Leffle bond, to get said bond from said Leffle. Bnt the court excluded his evidence upon the ground that John H. Walker was dead. How it is clear that this ruling of the court was erroneous. John H. Walker was not a party to the suit. The parties to the suit were Henry Walker the plaintiff and Daniel Huffman and Lloyd Huffman defendants: these were all living. The subject of investigation, the transaction which was the subject of the suit and the distinct issue raised by the pleadings, was whether there was an agreement between Henry Walker and Daniel Huffman that the Leffle bond, if taken up by the Huffmans, should be received as a payment pro tanto of the bond due Henry Walker.
*318 The parties to this transaction were Henry Walker on the one side and Daniel Huffman on the other. Both were living, and both were competent witnesses.
The death of John H. Walker, not a party to the suit, could not affect the right of Daniel Huffman to testify in his own behalf.
The act of the general assembly allowing parties to testify in their own cases has already been construed by this court. In Martz v. Martz’s heirs, 25 Gratt. 361, Judge Anderson, speaking for the court, thus clearly lays down the rule which must govern in this case: “One party to a suit is incompetent as a witness on account of the disqualification of the other party only in a case where he was a party to the transaction which is the subject of the suit or proceeding, and the other party to it is dead, insane, or incompetent from some legal cause.”
Applying this rule to the case before us, it is clear the court erred in refusing to permit the defendant to testify upon the subject to -which he was interrogated, as set forth in the defendant’s first bill of exceptions.
The court is therefore of opinion, that for the errors hereinbefore declared, the judgment of the said Circuit court be reversed, and the cause be remanded for a new trial to be had therein in accordance with the foregoing opinion.
The judgment was as follows:
This day came again the parties by their counsel; and the court having maturely considered the transcript of the record of the said judgment and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said Circuit court erred in refusing to permit the defendant *319 Daniel Huffman to testify upon the subject to which he was interrogated, as set forth in defendant’s first bill of exceptions, notwithstanding it appeared that John H. Walker was dead; and that the said Circuit court further erred in refusing to give, on the defendant’s motion, their instruction number one, evidence having been given tending to prove the state of facts therein supposed.
Therefore it is considered by the court that, for the errors aforesaid, the said judgment of the said Circuit court be reversed and annulled, and that the defendant in error do, out of the estate of his testator in his hands to be administered, pay to the plaintiffs in error their costs by them about the prosecution of their said writ in this behalf expended; and the cause isa remanded to the said Circuit court of Craig county with instructions to set aside the verdict of the jury therein, and award the defendants a new trial to be conducted in conformity with the principles above declared.
Judgment reversed.