## Richmond.

PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY v. RAY.

Absent, *Moncure*, P.

1. Under article IV, § 1, of the constitution of the United States, and the act of Congress of May 26, 1790, a writ of error, not operating as a supersedeas, from the supreme appellate court of Texas to a judgment of a district court of that State, will be regarded as having the same effect in Virginia as in Texas.

2. In such a case, an action may be maintained upon the judgment in Virginia, notwithstanding the pendency of appellate proceedings in Texas, but the Virginia court may order that no execution shall be issued on a judgment obtained in such action, provided the defendant give bond and security conditioned to satisfy the judgment and pay all damages, costs and fees, etc., in case the writ of error pending in Texas should be determined adversely to the defendant.

3. The laws of Texas are not pleaded nor in evidence in the cause, but in the absence of proof of a difference between the law of that State and this, it will be taken that the law of that State, as it affects the question of the effect of a writ of error without a supersedeas, is the same as in this State.

In February, 1877, Tresy Ray, suing for herself and others, obtained a judgment in the district court of Rusk county, in the State of Texas, against the Piedmont and Arlington Life Insurance Company, a corporation chartered by and domiciled in the State of Virginia, for $2,500, on a policy of insurance effected on the life of Gabriel Ray. The defendant removed the cause by writ of error to the supreme court of appeals of Texas, and gave a bond in the penalty of $250, conditioned to pay all costs that had accrued in the district court, and which might accrue in the

supreme court. While this writ of error was pending, the appellee, Mrs. Ray, brought an action in the circuit court of the city of Richmond, on the Texas judgment, and recovered a judgment, on which the court ordered that no execution should issue, provided the defendant gave bond and security in a penalty of at least double the amount of the judgment, with condition to perform and satisfy the judgment, and also to pay all damages, costs and fees which might be awarded against or incurred by the defendant, in case the writ of error then pending in the supreme court of Texas should be determined adversely to the defendant; and to this judgment of the circuit court the Piedmont and Arlington Life Insurance Company obtained a writ of error and *supersedeas.*

*W. C. Carrington,* for the appellant.

*Witt & Caskie,* for the appellee.

ANDERSON, J., delivered the opinion of the court.

This is a suit brought in this State by the defendant in error against the plaintiff in error, upon a judgment of a court of competent jurisdiction of the State of Texas in her favor against the plaintiff in error, in which suit she obtained judgment, and the case is brought here upon a writ of error to that judgment.

The error assigned is, that after the judgment was rendered by the district court of Texas, the cause was removed by writ of error to the supreme appellate court of that State, and was depending therein and undetermined when this suit was instituted and the judgment complained of was rendered therein.

The constitution of the United States requires (art. IV, § 1) that "full faith and credit shall be given in each

State to the public acts, records, and judicial proceedings
of every other State. And the Congress may, by general
laws, prescribe the manner in which such acts, records and
proceedings shall be proved, and the effect thereof." The
act of congress of May 26, 1790, after providing the mode
by which they shall be authenticated, declares that "said
records and judicial proceedings, authenticated as afore-
said, shall have such faith and credit given to them in
every court within the United States as they have by law
or usage in the courts of the State from whence the said
records are or shall be taken."

Under the construction given to this act of congress, and
the constitutional provision aforesaid, by the courts of the
United States, and the State courts, the only question in
this case is, what was the effect in Texas of the writ of
error which was allowed to the judgment of the district
court? The same effect must be given to it in this State.
*Mills* v. *Duryee*, 7 Cranch, 481; *Bowler* v. *Huston*, 30 Gratt.
274, and cases cited, are referred to.

It appears from the transcript of the record of the case
in the district court of Texas, and of the proceeding therein
by writ of error, not of *supersedeas*, to the judgment, that
said writ was issued upon a bond of $250—for costs only;
and it is contended that by the laws of Texas had not the
effect of a *supersedeas* to suspend the judgment, and that exe-
cution might have issued upon said judgment as if no such
writ of error had been taken. That would be the effect of
such proceeding in this State. And it is contended that
such is its effect in Texas. *Britt* v. *Lowry*, 50 Texas, 76—
decided in 1878—Chief Justice Moore delivering the opin-
ion of the court, is cited in support of it, and also Texas
Statutes. The laws of Texas are not pleaded nor in evi-
dence in this cause. But in absence of proof of a differ-
ence in the law of that State and this, it will be taken that
the law of that State, as it affects the question now under

consideration, is the same as in this State. The inference is, therefore, that the effect of the writ of error in Texas did not suspend proceedings to enforce the judgment, as it would have no such effect here.

In *Taylor* v. *Shaw*, 39 Cal. 536, it was held that an action on a judgment of a court of competent jurisdiction in the State of New York may be maintained in the State of California, notwithstanding an appeal from such judgment has been taken and is still pending in the court of appeals of New York. And the learned counsel for the defendant in error cites *Taber* v. *Henry*, 117 Mass. 107; *The Merchants Insurance Company* v. *De Wolfe*, 33 Penn. St. R.; *The Bank of North America* v. *Wheeler*, 28 Conn. 433, to the same effect, and numerous other cases, both English and American, in support of the principle.

The court is of opinion that there is no error in the judgment of the circuit court of Richmond, and that the same be affirmed, with costs and damages.

JUDGMENT AFFIRMED.