Richard Van Aken, Abraham Korr, William Nolan, Adam Alstatler, James Spingler, Robert Van Aken, John F. X. Tully and John Robinson, *v.* Pennypack Woods Home Owership Association, a/k/a Pennypack Woods.

Pennypack Woods Home Ownership Association, Appellant.

Argued April 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward I. Swichar*, with him *Meyer E. Maurer*, and *Wexler, Weisman, Maurer & Forman, P.C.*, for appellant.

*Steven Kapustin*, with him *Mitchell A. Kramer* and *Kramer and Salus*, for appellees.

OPINION BY JUDGE WILKINSON, JR., April 28, 1975:

It would be a gross understatement to characterize the pleadings and the record in this matter as leaving much to be desired. Nevertheless, if anything can be drawn therefrom, in all probability the lower court was correct when, in its brief opinion, it stated that:

"The preliminary injunction before the court involves the sole question of whether or not particular individuals should be permitted in the swimming pool during the summer months."

The petition for a preliminary injunction stated:

"Plaintiffs, through their attorney, Mitchell A. Kramer, request the Court to issue a preliminary injunction enjoining and restraining the defendant from barring plaintiffs and members of their families, including minor children, from participating in the membership and use of Pennypack Woods Swim Club. . . . "

The court order provided, *inter alia*:

"The Swim Club is hereby directed that they (sic) are enjoined and restrained from barring the plaintiffs

and the members of their families, including minor children, from participating in the membership and use of the Pennypack Woods Swim Club."

If there is anything clear in this record it is that the swim club involved is the Pennypack Woods Swim Club. Equally clear is the fact that it is a separate nonprofit corporation and is not a party to this action. It was not named in the complaint, was not added as an additional defendant, and did not intervene. Its attorney was at the hearing and identified himself and answered some questions but did not enter his appearance or participate in any substantial way in what is characterized as a hearing. It would appear that there may have been an effort to serve some papers on him, the exact nature of which we do not know since the papers are not in the record. However, any possible basis for such "service" being used to make his client a party to this action was removed when Mr. Krouk, attorney for Pennypack Woods Swim Club, took the precaution to enter the following in the record:

"MR. KROUK:—I would just like to have it stipulated that the matter which was served upon me in Chambers is void and withdrawn.

"THE COURT:—Yes, withdrawn.

"MR. KROUK:—Fine, your Honor."

If any precedent is needed for the proposition that a court sitting in equity is without authority to enter an order against a party that is not before it, such precedent is found in *First Regular Baptist Church v. Allison*, 304 Pa. 1, 154 A. 913 (1931). In that case the party had been named in the complaint and had testified at the hearing but had not been served and had not entered an appearance. Our Supreme Court stated specifically that without service or entry of an appearance, merely testifying does not grant the court authority to enter a decree against such a party.

Since the prayer of the petition for a preliminary injunction and the order of the court below are directed

exclusively to plaintiffs' asserted rights to participate in the membership and use of the Pennypack Woods Swim Club, a party not before the court, the entire order must fall.

Accordingly, the order of the court below, dated July 18, 1974, is reversed.