### Richmond

## Jesse Bloodworth

### v.

## Robert I. Ellis, et al.

June 6, 1980.

Record No. 780893.

Present: All the Justices.

*H. Lewis Allen (Howard James Marx; Fine, Fine, Legum & Fine,* on briefs), for appellant.

*Stuart L. Nachman (Christopher C. North; Cooper & Cooper,* on brief), for appellees.

I'ANSON, C.J., delivered the opinion of the Court.

In this appeal, we must determine whether the trial court erred in failing to receive evidence concerning a challenge to the jurisdiction of a sister state's court prior to giving that court's judgment full faith and credit pursuant to the Constitution of the United States, article IV, section 1.*

In November 1976, the plaintiffs, on behalf of themselves and all other stockholders of Atlantic General Corporation, obtained a judgment against several defendants, including Jesse Bloodworth, in the Court of Common Pleas of Philadelphia County, Pennsylvania. During the course of the proceedings, the Court of Common Pleas entered an order dated September 12, 1975, in which the clerk of the court was directed to note that service of the complaint and amended complaint had been accepted by the defendants, including Bloodworth. The order recited that Bloodworth and the defendants appeared in court on August 27, 1975, and acknowledged the acceptance of the complaint and amended complaint through their attorney. In addition, a certified copy of several pages of the transcript of the Pennsylvania proceeding was submitted to the Virginia trial court. The transcript revealed that the attorney representing the several defendants agreed to a stipulation waiving objections to jurisdiction and asking that the subject matter of the suit be adjudicated. In addition, the transcript revealed that Bloodworth was called as a witness and testified at the August 27 hearing. The attorney for the plaintiffs in the Pennsylvania proceeding filed in the court below an affidavit stating that, *inter alia,* Bloodworth was "present in Court during the several days of trial of this case and [was] represented by counsel throughout the proceedings."

Bloodworth admits that he appeared in the Court of Common Pleas on August 27, 1975, but claims that he participated in the proceedings solely as a witness. In an affidavit submitted to the Virginia trial court, he avers that he did not engage the attorney who

---

* U. S. Const. art. IV, § 1, states that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." *See also* Code § 8.01-389 (1977 Repl. Vol.).

stipulated to a waiver of jurisdictional objections, that he did not authorize this attorney to accept service of the complaint or the amended complaint, and that, to his knowledge, during the proceeding the attorney took no action suggesting that he considered himself to be Bloodworth's attorney.

On the basis of the affidavits and pleadings submitted, the Virginia trial court granted the plaintiffs' motion for summary judgment and held that the Pennsylvania court order was entitled to full faith and credit. In his appeal, Bloodworth contends that summary judgment was improper in that there were "material fact[s]. . . genuinely in dispute." Supreme Court of Virginia Rule 3:18. The plaintiffs, on the other hand, contend that no material facts were at issue and that consequently summary judgment was appropriate.

The Full Faith and Credit Clause of the Constitution of the United States requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter." *Nevada v. Hall,* 440 U.S. 410, 421 (1979). The threshold issue to be resolved in this case is whether the Pennsylvania court's recitation of jurisdiction in its court order and other court records precluded the Virginia trial court from further inquiry into the Pennsylvania court's jurisdiction. As a general rule, a court, when asked to give effect to the judgment of a court in another state, may inquire into that court's jurisdiction without offending the Full Faith and Credit Clause, "notwithstanding the averments contained in the record of the judgment itself." *Thompson v. Whitman,* 85 U.S. (18 Wall.) 457, 469 (1873). *Accord, Williams v. North Carolina,* 325 U.S. 226, 229 (1945); *Chicago Life Insurance Co. v. Cherry,* 244 U.S. 25, 29 (1917); *Bigelow v. Old Dominion Copper Co.,* 225 U.S. 111, 135-36 (1912); *Bowler v. Huston,* 71 Va. (30 Gratt.) 266, 275 (1878). Where, however, the second court's inquiry "discloses that those [jurisdictional] questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment," the second court is precluded from re-examining the jurisdiction of the court rendering the original judgment. *Durfee v. Duke,* 375 U.S. 106, 111 (1963). Thus, a litigant is barred from relitigating in Virginia issues that were properly before and decided by a sister state's court, even when the issues concern jurisdictional matters. *See also Romeo v. Romeo,* 218 Va. 290, 293, 237 S.E.2d 143, 145 (1977); *Osborne v. Osborne,* 215 Va. 205, 208, 207 S.E.2d 875, 879 (1974); *Evans v. Asphalt Roads, Etc., Co.,* 194 Va. 165, 173, 72 S.E.2d 321, 325 (1952).

■ In the present case, the Pennsylvania court's recitation of jurisdiction rested upon a stipulation of the parties, rather than a litigation of the jurisdictional issues. This stipulation, if duly authorized, would preclude further review of jurisdiction in this case. Bloodworth's affidavit represents, however, that the attorney making the stipulation had not been authorized by him to waive such objections and, in fact, had not even been retained by him. Furthermore, the affidavit represents that Bloodworth was unaware of any actions taken by the attorney which suggested that the attorney believed he was Bloodworth's counsel. If these statements are correct, the stipulation recited in the court order as the basis for the Pennsylvania court's jurisdiction was unauthorized. *Cf. Durfee* v. *Duke,* 375 U.S. at 111 n.8 (first court's jurisdiction of the person acknowledged). A jurisdictional waiver made by an attorney unauthorized to make such a waiver does not confer jurisdiction upon a court. *See, e.g., People* v. *Mickow,* 58 Ill. App. 3d 780, 783, 374 N.E.2d 1081, 1083 (1978); *Wright* v. *Estate of Treichel,* 36 Mich. App. 33, 38, 193 N.W.2d 394, 396 (1971); *Raub* v. *Otterback,* 89 Va. 645, 650, 16 S.E. 933, 934 (1893); *Batchelder* v. *Mantak,* 136 Vt. 456, 462, 392 A.2d 945, 949 (1978). Since the question of the Pennsylvania court's jurisdiction over Bloodworth was not "fully and fairly litigated" in the Pennsylvania court, we conclude that the *Thompson* rule is applicable and that the Pennsylvania court's recitation of jurisdiction did not preclude the Virginia trial court's inquiry into the Pennsylvania court's jurisdiction.

■ Having determined that the Pennsylvania court's recitation of jurisdiction is not dispositive of this appeal, we must resolve whether the pleadings and affidavits submitted to the Virginia trial court raised a factual issue concerning the Pennsylvania court's jurisdiction. Issues concerning the jurisdiction of the court rendering the original judgment are determined by examining the law of the state in which the original judgment was entered. *See Piedmont and Arlington Life Insurance Company* v. *Ray,* 75 Va. 821, 823 (1881). *Accord, Hosiery Mills* v. *Burlington Industries,* 285 N.C. 344, 352, 204 S.E.2d 834, 840 (1974). In this case, this principle requires that we look to Pennsylvania law in determining whether Bloodworth made an appearance, thus conferring jurisdiction upon the Pennsylvania court.

We conclude that, under Pennsylvania law, the agreed-upon facts in this case do not merit summary judgment. Under Pennsylvania law, a party's general appearance constitutes a waiver of any juris-

dictional objections he might have had. *Peterson* v. *Philadelphia Suburban Transportation Co.,* 435 Pa. 232, 242, 255 A.2d 577, 583 (1969); *Yentzer* v. *Taylor Wine Co.,* 409 Pa. 338, 342, 186 A.2d 396, 398 (1962). Pennsylvania holds that a person has made an appearance if any actions taken by him seek a determination upon the merits. *Vant* v. *Gish,* 412 Pa. 359, 367, 194 A.2d 522, 527 (1963). A person's physical presence at a trial, however, does not constitute an appearance. In *First Regular Baptist Church* v. *Allison,* 304 Pa. 1, 12, 154 A. 913, 917 (1931), the Supreme Court of Pennsylvania held that a person's appearance at trial to testify as a witness does not constitute a submission to the jurisdiction of the court. *Accord, Appeal of Dethlefson,* 434 Pa. 431, 433, 254 A.2d 6, 7 (1969); *Stonecipher* v. *Keane,* 268 Pa. 540, 546, 112 A. 233, 235 (1920); *Northampton Residents Ass'n* v. *Northampton Township Bd. of Supervisors,* 14 Pa. Commw. Ct. 515, 322 A.2d 787 (1974). In *Van Aken* v. *Pennyback Woods Home Ownership Ass'n,* 18 Pa. Commw. Ct. 552, 554, 336 A.2d 895, 896 (1975), the Pennsylvania Commonwealth Court followed this ruling and noted that the witness contesting jurisdiction in *Allison* had been named in the complaint. Thus, we conclude that, under Pennsylvania law, a person who is named in the complaint and who appears in court as a witness has not necessarily entered an appearance conferring jurisdiction over him upon the court.

█ Our conclusion that summary judgment was inappropriate should not be viewed as an assessment of the credibility of Bloodworth's factual allegations. Such a task belongs to the trier of fact unless the testimony is "irreconcilable with logic and human experience." *Williams* v. *Vaughan,* 214 Va. 307, 310, 199 S.E.2d 515, 518 (1973). Although the inferences to be drawn from the evidence may differ in degree of probability, courts deciding upon motions for summary judgment must adopt those inferences most favorable to the party whose evidence it is sought to have struck, unless the inferences are strained, forced, or contrary to reason. *Id.; Green* v. *Smith,* 153 Va. 675, 680, 151 S.E. 282, 283 (1930).

█ On remand, the trier of fact is the proper party to weigh the credibility of Bloodworth's claims. In weighing these claims, the trier of fact should remember that "[t]he records of any judicial proceeding and any other official record of any court . . . of another state . . . shall be received as prima facie evidence" of the facts asserted therein, provided such records are authenticated by the clerk of that court and certified by a judge of that court. Code § 8.01-389.

Moreover, "[t]he judgment of a court of general jurisdiction of a sister state duly authenticated is prima facie evidence of the jurisdiction of the court to render it." *Barber* v. *Barber,* 323 U.S. 77, 86 (1944). Jurisdiction of the sister state's court is presumed unless disproved by extrinsic evidence or the record itself. *Adam* v. *Saenger,* 303 U.S. 59, 62 (1938). Thus, the party challenging the jurisdiction of a sister state's court is under a heavy burden when attempting to establish the absence of that court's jurisdiction. *Barber* v. *Barber,* 323 U.S. at 86. If, after receiving the evidence, the trier of fact concludes that the attorney entering into the stipulation was authorized by Bloodworth to enter such a stipulation · or that Bloodworth engaged in any conduct seeking a determination upon the merits, the trier of fact should enter judgment for the plaintiffs.

The judgment of the circuit court is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*