## CIRCUIT COURT OF HENRICO COUNTY

Stanley C. Levick

    v.

Merrill Lynch, etc., et al.

Stephen Levick

    v.

Merrill Lynch, etc., et al.

December 7, 1983

Cases No. 79-L-88 and 80-L-427

By JUDGE L. PAUL BYRNE

These consolidated actions were initially commenced as a single suit by both plaintiffs against the defendant, Merrill Lynch. Since such initial filing, a significant number of additional pleadings and amendments to pleadings have been filed, and certain rulings by the Court have heretofore been made. The Court does not perceive that a detailed recitation of all prior actions taken by the parties or by the Court is necessary to this opinion. Suffice it to say that the issues now presented are framed by (1) the Motion for Judgment of Stanley Levick; (2)

the Second Amended Motion for Judgment of Stephen Levick; (3) Requests for Admission filed by the defendant, Merrill Lynch; (4) responses thereto filed on behalf of both plaintiffs; and (5) Motions for Summary Judgment filed by the several defendants, Merrill Lynch and Thomas N. Williams.

In all respects material to the Court's decision here, Stanley's Motion for Judgment and Stephen's Second Amended Motion for Judgment are identical. For purposes of brevity, they will be collectively referred to as the plaintiffs' Motions for Judgment.

Each Motion for Judgment consists of four separate counts. The four counts are respectively denominated tort-negligence; breach of contract; breach of fiduciary duty; and tort-misrepresentation.

The principal thrusts of the Motions for Summary Judgment are (1) that the Motions for Judgment fail to state causes of action; (2) that they fail to state proper cases for the awarding of punitive damages; and (3) that each of the purported claims of the plaintiffs is time barred. In ruling on the Motions for Summary Judgment, the Court must accept as true the well-pleaded allegations of fact of the Motions for Judgment. At the same time, it may consider the responses of the plaintiffs to Merrill Lynch's Requests for Admission. All parties agree that for these purposes the Court may not consider the discovery depositions taken herein.

In their Motions for Judgment, the plaintiffs allege in Counts I, II and III that the negligence, breach of contract, and breach of fiduciary duty charged was "wilful, malicious and with complete disregard of the rights of the plaintiff." In spite of such conclusory assertions, it is clear from a reading of these three counts that they respectively charge negligence, breach of contract, and breach of fiduciary duty. The Court can only assume that the adornment appended at the end of each such count had as its purpose a foundation for a claim of punitive damages.

Viewing the claims asserted in Counts I, II and III in this manner, the Court concludes that each is barred by the Statute of Limitations. A cause of action, whether based upon negligence or breach of contract or breach of fiduciary duty, accrues when the act complained

of occurs and results in injury to the plaintiff. It is readily apparent from the Motions for Judgment and the responses to Requests for Admissions that the acts of the defendants charged in Counts I, II and III occurred in January, 1973. It is equally apparent that any injury flowing therefrom existed at that time. Since the original action by the plaintiffs was not filed until March, 1979, a period in excess of six years, it is clear that the claims asserted in Counts I, II and III of the Motions for Judgment are all time barred.

In reaching this conclusion, the Court is not unmindful of the allegations in each of Counts I, II and III that the alleged negligence or contract breach or breach of fiduciary duty "continued until June of 1978, when said bonds went into default." The problem with such allegations is that they amount to incorrect conclusions of law. As the Court has earlier stated, the acts charged to the defendants, be they termed negligence, breach of contract, or breach of fiduciary duty, were separate and completed in January, 1973. And the bare legal assertion of the plaintiffs to the contrary does not change the result.

The plaintiffs further seek to avoid this conclusion by the Court by asserting at the end of their Motions for Judgment that any applicable period of limitation was tolled by the defendants' concealment from the plaintiffs of the facts giving rise to their asserted claims. Again, a bare conclusory allegation cannot carry the day. For tolling to occur, a plaintiff must *allege* and prove such *facts* as would demonstrate active and fraudulent concealment. Read in conjunction with the factual allegations of Counts I, II and III of the Motions for Judgment and in conjunction with the plaintiffs' responses to admission requests, the concealment allegation contained at the end of each Motion for Judgment is simply meaningless.

Count IV of the Motions for Judgment stands on a different footing, and as to this count the Motions for Summary Judgment will be overruled.

The defendants urge that Count IV of the Motions for Judgment does not adequately state a cause of action for fraud or misrepresentation. Their argument goes that it is clear from responses of the plaintiffs to admission requests that no actual misrepresentation occurred on

January 30, 1973, when the defendant, Williams, stated that the Chase bonds were "A" rated, since at that time such bonds were indeed so rated by Fitch Investors Service, Inc. The view taken by the defendants of the allegations of Count IV and of the admission request responses is much too narrow. For the reasons that are well stated in the plaintiffs' memorandum (pages 2-4), the Court is not in position to say as a matter of law that no material fact is genuinely in dispute with respect to the charge of fraud or misrepresentation. See Rule 3:18, Rules of Supreme Court of Virginia; *Bloodworth* v. *Ellis*, 221 Va. 18 (1980).

Further, and for the reasons advanced at pages 5-8 of the plaintiffs' memorandum, the Court is persuaded that in Count IV the plaintiffs have alleged all essential elements of an action for fraud or misrepresentation.

Nor is the claim set forth in Count IV barred by the Statute of Limitations. Section 8-14, Code of Virginia, of 1950 was in effect on January 30, 1973, and continued so until the recodification of Title 8 effective October 1, 1977. That section provided:

> The right to recover money paid under fraud or mistake shall be deemed to accrue, both at law and in equity, at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered.

Section 8.01-256, Code of Virginia of 1950, as amended, provides in pertinent part:

> If a cause of action, as to which no action, suit, scire facias, or other proceeding is pending, exists before October 1, 1977, then this Chapter shall not apply and the limitation as to such cause of action shall be the same, if any, as would apply had this Chapter not been enacted.

The plaintiffs adequately allege in Count IV a "right to recover money paid under fraud." Thus the issue presented is when such alleged fraud was discovered or by the exercise of due diligence ought to have been discovered. Unless

the Court can say with certainty at this time that no material issue of fact is genuinely in dispute on the point, or if there be none, that the then applicable (pre October 1, 1977) period of limitation had expired when suit was filed, then the Court may not hold now that an action for fraud or misrepresentation is time barred. On the state of the record presently available for its consideration the Court is not in such a position.

The defendants finally argue that the case alleged does not support a claim for punitive damages. Clearly, under Virginia law, a proven case of fraud or misrepresentation will support a punitive damage award.