COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel.* FORSAKRINGSKASSAN INTERNATIONAL DIVISION-US,
  STOCKHOLM, SWEDEN
  FOR VACLAVA ZACKOVA,

                                                        MEMORANDUM OPINION[*] BY
v.       Record No. 0813-06-4                          JUDGE JAMES W. HALEY, JR.
                                                             JANUARY 16, 2007
MILAN FRANTISEK ZACEK


                    FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                    Donald M. Haddock, Judge

                    Janice W. McDaniel, Special Counsel (Robert F. McDonnell,
                    Attorney General; Craig M. Burshem, Senior Assistant Attorney
                    General; Beth J. Edwards, Regional Special Counsel; Nancy J.
                    Crawford, Regional Special Counsel; Stephanie Cangin, Special
                    Counsel, on briefs), for appellant.

                    Milan F. Zacek, *pro se*.


        The Department of Social Services (Department) maintains the trial court erred in granting

Milan F. Zacek's (appellee) motion for summary judgment by extending full faith and credit to a

January 23, 1998 "Judgment For Dissolution of Marriage" entered by the Circuit Court of the

Eighteenth Judicial Circuit, DuPage County, Illinois (Illinois judgment).  Finding no error, we

affirm.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

FACTS

On January 18, 2005, pursuant to a reciprocal agreement with a child support agency in Sweden, the Department filed an initial Uniform Interstate Family Support Act (UIFSA) petition in Alexandria Juvenile and Domestic Relations District Court (juvenile court) seeking a support order for appellee's two minor children.  The support petition had been initiated in Sweden by the children's mother, Vaclava Zacek.  The juvenile court denied that petition.  Subsequently, the Department filed a *de novo* appeal in the Circuit Court of the City of Alexandria (trial court).  Prior to the hearing on the merits, appellee filed a motion for summary judgment.

Attached to appellee's motion, and admitted into evidence, was a properly authenticated copy of the Illinois judgment declaring, "This Court has jurisdiction of the parties to this case and the subject matter thereof."  Additionally, the Illinois judgment granted appellee a divorce from mother, divided property between them, and ordered:

> E.  [Appellee] is granted sole custody of the minor children . . . .
>
> F.  The issues of visitation and child support are reserved.
>
> G.  [Appellee and mother] shall carry out all of the terms, provisions and conditions of this Judgment.
>
> H.  This Court reserves jurisdiction of the subject matter of this case and of the parties hereto for the purpose of enforcing the terms of this Judgment.

Also attached to the motion, and likewise admitted into evidence, was an indictment of mother, returned August 5, 1998, by the grand jury of the same Illinois jurisdiction, for the felony of child abduction of the two children.  That indictment, and an accompanying warrant for mother's arrest, apparently remain outstanding.  Appellee further relied upon provisions of the Parental Kidnapping Prevention Act (PKPA) in his motion for summary judgment.

At a hearing on the motion for summary judgment held on January 11, 2006, counsel for the Department advised the court that, with respect to the Illinois judgment, "the court had only *in rem*

jurisdiction.  It could only grant divorce.  It could not in fact grant him the custody . . . . [O]ur contention is [the Illinois judgment] was done without the proper jurisdiction."  In response, appellee argued the Illinois court did have jurisdiction to grant him custody and asked the court to give full faith and credit to the Illinois judgment.  Counsel for the Department requested the matter be heard on "February 10th when all of these issues are obviously in dispute will have the opportunity to be fleshed out."  On that representation, the trial court denied appellee's motion for summary judgment.

On February 10, 2006, the following exchange occurred:

| | |
|---|---|
| THE COURT: | We had this motion for summary judgment. |
| ATTORNEY FOR THE DEPARTMENT: | Yes, sir. |
| THE COURT: | And I denied it at that time. |
| ATTORNEY FOR THE DEPARTMENT: | Yes, sir. |
| THE COURT: | On your representation that you were going to establish that the Illinois court had no jurisdiction.  Do you recall that? |
| ATTORNEY FOR THE DEPARTMENT: | (no response) |
| THE COURT: | That was the basis on which I denied it.  He presented to me an Illinois order granting him full custody of the children.  You argued against my finding in his favor on summary judgment on the basis that you were going to establish the Illinois court was without jurisdiction to enter such an order.  Do you recall that? |
| ATTORNEY FOR THE DEPARTMENT: | Yes, sir. |

COURT: Okay. But you've put nothing in your case to that effect . . . . [Y]ou've rested at this point, so I'm going to reverse myself on the summary judgment motion based on the fact that you told me that you were going to establish a lack of jurisdiction in the Illinois court. The Illinois court's order is entitled to full faith and credit if it had jurisdiction.

ANALYSIS

Article IV of the Constitution states, "Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Full Faith and Credit Clause, therefore, requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter." Nevada v. Hall, 440 U.S. 410, 421 (1979).

Congress created the PKPA specifically to address the issue of full faith and credit as applied to child custody determinations. 28 U.S.C. § 1738A (2006). The United States Supreme Court summarized the effect of PKPA in Thompson v. Thompson, 484 U.S. 174, 177 (1988) (footnotes omitted),

> Once a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute, even if it would have been empowered to take jurisdiction in the first instance, and all States must accord full faith and credit to the first State's ensuing custody decree.

See also Miller-Jenkins v. Miller-Jenkins, 49 Va. App. 88, 95, 637 S.E.2d 330, ___ (2006). "[A]s Congress explicitly specified, one of the chief purposes of the PKPA is to 'avoid jurisdictional competition and conflict between State courts.'" 484 U.S. at 177 (quoting Pub. L. 96-611, 94 Stat. 3569, § 7(c)(5) (1980)).

To extend full faith and credit to a child custody determination, PKPA prescribes two requirements that must be met by the original jurisdiction. First, the original court must have had

- 4 -

jurisdiction over the parties and the subject matter. See 28 U.S.C. § 1738A(c)(1) (2006); Hall, 440 U.S. at 421. Secondly, the court must satisfy one of five conditions, derived by Congress from the Uniform Child Custody Jurisdiction Act (UCCJA), 9 U.L.A. §§ 1-28 (1979). See 28 U.S.C. 1738A(c)(2); Thompson, 484 U.S. at 181-82. Those conditions authorize the original court to enter a custody decree "if the child's home is or recently has been in the State, if the child has no home State and it would be in the child's best interest for the State to assume jurisdiction, or if the child is present in the State and has been abandoned or abused." Thompson, 484 U.S. at 177.

Code § 8.01-389 provides that, when full faith and credit is at issue, "[t]he records of any judicial proceeding . . . of any court of another state . . . shall be received as prima facie evidence." Where the record contains an order from a court of a sister state, "[j]urisdiction of the sister state's court is presumed unless disproved by extrinsic evidence or the record itself." Bloodworth v. Ellis, 221 Va. 18, 24, 267 S.E.2d 96, 100 (1980) (citing Adam v. Saenger, 303 U.S. 59, 62 (1938)).[1] The party challenging jurisdiction "is under a heavy burden when attempting to establish the absence of . . . jurisdiction." Id. (citing Barber v. Barber, 323 U.S. 77, 86 (1944)).

Furthermore, Illinois law establishes requirements nearly identical to those of the PKPA and UCCJA to ensure proper jurisdiction, and the extension of full faith and credit, in child custody determinations. 750 Ill. Comp. Stat. 36/201 (2006). The Illinois court's jurisdiction, therefore, is presumed unless disproved by extrinsic evidence offered to the trial court. Bloodworth, 221 Va. at 24, 267 S.E.2d at 100.

---

[1] In Bloodworth, the Supreme Court of Virginia reversed a grant of summary judgment based upon the extension of full faith and credit to a Pennsylvania judgment because the individual challenging jurisdiction submitted evidence supporting his position that the Pennsylvania court did not in fact have jurisdiction.

Because the Department presented no evidence on the question of jurisdiction at the hearing, there was no "material fact . . . genuinely in dispute," Rule 3:20, and summary judgment was properly granted on the extension of full faith and credit to the Illinois judgment.[2]

<u>Affirmed.</u>

---

[2] We note that lawful custody of a child is a condition precedent to the receipt of support for that child.