## CIRCUIT COURT OF FAIRFAX COUNTY

Dewberry & Davis, Inc.

v.

C3NS, Inc., et al.

August 18, 2010

Case No. (Law) 2009-7506

By Judge R. Terrence Ney

This matter came before the Court on July 30, 2010. After considering the pleadings, memoranda, and arguments of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

In 2008, C3NS, Inc., and C3RS, Inc., (collectively, "C3") agreed to construct an automobile tire recycling plant on a site located in the Louisa Industrial Park in Louisa County, Virginia. C3 entered into a contract with Dewberry & Davis, Inc. ("Dewberry"), an engineering services firm, for Dewberry to prepare a site plan for the development. Specifically, Dewberry in its site plan was to place C3's plant in a location where it would be able to receive service from Dominion Virginia Power. Allegedly, Dewberry made no effort to locate the service boundary, and the plant was placed outside the reach of Dominion's services.

On May 21, 2009, Dewberry filed suit against C3 alleging breach of contract and seeking enforcement of a mechanic's lien. On May 29, 2009, C3 filed its Answer and counterclaim to recover damages for an alleged breach of contract.

Dewberry seeks to limit its liability to C3 through its contract which contains the following language:

21. *Limitations on Liability.* Our liability for any loss, property damage, or bodily injury of or to you caused in whole or in part by us in the performance of this Agreement, as this agreement may from time to time be amended, or in the performance of any supplementary services in any way

related to this Agreement, shall be limited in the aggregate to the amount of fees that you have paid to us for the Services. The parties intend that the foregoing limitation on liability shall apply to all claims, whether sounding in tort, in contract, or in warranty. . . .

Dewberry has moved for partial summary judgment. The sole issue presented is whether C3 should be barred from asserting that the contract provision is void as against public policy pursuant to Virginia Code § 54.1-411. For purposes of this Opinion Letter, unless otherwise denoted, this Court will be referencing the 2008 version of § 54.1-411 which was the law at the time of the creation of the contract. The question of whether § 54.1-411 prohibits limitations on liability is a case of first impression in that there are no Virginia appellate court opinions on point.

*Analysis*

A. *Standard for Summary Judgment*

Under Rule 3:20 of the Supreme Court of Virginia, "summary judgment, interlocutory in nature, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as the amount of damages. Summary judgment shall not be entered if any material fact is in dispute." Summary judgment should be granted when no trial is necessary because no evidence could affect the result. *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 181, 320 S.E.2d 339, 342 (1984). Furthermore, in considering the motion, the Court is required to draw all inferences in the light most favorable to . . . the non-moving party, unless such inferences would be "strained, forced, or contrary to reason." *Slone v. General Motors Corp.*, 249 Va. 520, 522, 457 S.E.2d 51, 53 (1995), quoting *Bloodworth v. Ellis*, 221 Va. 18, 23, 267 S.E.2d 96, 99 (1980).

B. *The Language of the Statute*

Virginia Code Annotated § 54.1-411 states in pertinent part:

Nothing contained in this chapter . . . shall prohibit the practice of . . . engineering . . . by any corporation, partnership, sole proprietorship, limited liability company, or other entity provided such practice or certification is rendered through its officers, principals, or employees who are correspondingly licensed or certified. *No such organization shall limit the liability of any licensee or certificate holder for damages*

*arising from his acts or limit such corporation, partnership, sole proprietorship, limited liability company, or other entity from liability for acts of its employees or agents.* No such corporation, partnership, sole proprietorship, limited liability company, or other entity, or any affiliate thereof, shall, on its behalf or on behalf of any such licensee or certificate holder, be prohibited from (i) purchasing or maintaining insurance against any such liability; (ii) entering into any indemnification . agreement with respect to any such liability; or (iii) receiving indemnification as a result of any such liability.

(Emphasis added.)

This language is plain and clear and presents no obvious confusion, ambiguity, or difficulty of understanding.

## C. *Courts Are To Apply the "Plain Meaning" Rule*

It is well established that "when the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004), *citing Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1,6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000) (internal quotation marks omitted) *(quoting United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989) *(in turn quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917)).

"The rule in Virginia is that, unless the language of a legislative enactment is ambiguous, there is no room for interpretation or construction; the plain meaning and intent of the [enactment] must be given it." *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 653, 604 S.E.2d 403, 408 (2004). "The province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." *Supinger v. Stakes*, 255 Va. 198, 205, 495 S.E.2d 813, 817 (1998). This rule remains viable even where the statute is in derogation of the common law. *See Schwartz v. Brownlee*, 253 Va. 159, 482 S.E.2d 827 (1997) (holding that, because the cap on medical malpractice damages was clear, although in derogation of the common law, it was enforceable).

To determine whether § 54.1-411(A) invalidates the limitation of liability provision in the parties' contract, the Court must apply § 54.1-411(A) according to its "express terms" and that which is "necessarily implied by its language. . . ." *Chesapeake & Ohio Ry. v. Kinzer*, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965).

The Court finds the statutory mandate of Va. Code Ann. § 54.1-411 to be plain and unambiguous. "No such organization shall limit the

liability of any licensee or certificate holder for damages arising from his acts or limit such corporation, partnership, sole proprietorship, limited liability company, or other entity from liability for acts of its employees or agents." Va. Code Ann. § 54.1-411(A). This language is both clear and easily understandable.

It is probably true that any word, or any set of words, in any sentence may be examined, then re-examined, then questioned until the meaning may seem unclear. Such need not be the case here. The clarity of this sentence is plain. Only by seeking or divining an ambiguity in it can one reach a contrary conclusion. Courts should not be second guessing legislative intent absent plainly ambiguous language. Such is not present here.

This Court sees no reason to infer that the General Assembly did not mean exactly what it said, namely, that limitations of liability for engineering firms are prohibited.

## D. *There Is No Virginia Authority to the Contrary*

Dewberry argues that the United States District Court for the Eastern District of North Carolina in *Roanoke Properties, L.P. v. Dewberry & Davis* reads § 54.1-411 correctly:

> The statute, which pertains to the organization of entities offering engineering services to the public, merely proscribes structuring an organization in such a way as to limit an agent's liability for his acts or an entity's liability for the acts of his agents. Nothing in the statute is relevant to the question of whether an engineer or an engineering firm may contractually limit its liability to a client.

1996 U.S. Dist. LEXIS 10521, *5 (June 3, 1996) (unpublished opinion).

The North Carolina District Court's reading of the statute is unpersuasive. Section 54.1-411 specifically states that "[n]o such organization shall limit the liability of any licensee . . . for damages arising from his acts or limit such corporation . . . or other entity from liability for acts of its employees or agents." The statute does more than merely proscribe the methods for structuring an organization. Rather, it clearly delineates the inability of an engineering firm to "limit its own liability through the acts of its agents." Va. Code Ann. § 54.1-411(A). Furthermore, the entirety of the statute is clearly relevant to the question of whether an engineering firm may limit its liability. It speaks directly to that issue.

The conclusion this Court reaches, unlike the one urged by Dewberry, gives clear and reasonable effect to every word of Va. Code § 54.1-411(A). "The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or

absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed." *Jones v. Conwell*, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984).

E. *The Amendments to the Code Section Make Clear That Contractual Limitations Were Permitted*

Finally, and conclusively, Virginia Code § 54.1-411 was amended in 2010. The new statute is distinctly different from the prior one. The drafters specifically added the following new language to the statute: "engineers shall not . . . be prohibited from . . . limiting liability through contract." Va. Code Ann. § 54.1-411 (2010). The sentence formerly prohibiting contractual limitation of liability was eliminated.

These textual changes demonstrate that the General Assembly fully intended to alter the statute's intent from that in existence prior to 2010, namely the prohibition on limitations of liability for engineers. This amendment would have been unnecessary if design professionals were already permitted to limit their liability through contract.

## Conclusion

Dewberry seeks partial summary judgment to prohibit C3 from asserting that the limitation on liability was void as against public policy. Because the statute is plain on its face and there is no contrary binding precedent, this Court finds that Va. Code Ann. § 54.1-411 prohibits an engineering firm, namely, Dewberry, here, from limiting its liability. For these reasons, partial summary judgment is denied.